**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

VIRTU KCG HOLDINGS LLC and VIRTU AMERICAS LLC,

    Plaintiffs,

-against-

MIN LI,

    Defendant.

Civil Action No. 17-8296 (SDW) (CLW)

**CONSENT INJUNCTION ORDER**

---

SUSAN D. WIGENTON, U.S.D.J.

Plaintiffs Virtu KCG Holdings LLC and Virtu Americas LLC (collectively, "Plaintiffs" or "Virtu") brought this action against Defendant Min Li ("Defendant" or "Li") for violations of the Defend Trade Secrets Act of 2016 ("DTSA"), violations of the New Jersey Trade Secrets Act regarding the misappropriation of trade secrets, breach of contract, and violations of the Computer Fraud and Abuse Act ("CAFA").

Plaintiffs and Defendant have stipulated to the entry of this Consent Injunction to resolve all matters in dispute in this action.

THEREFORE, upon consent of the parties, the Court ORDERS this Consent Injunction:

1. Ordering Li to immediately return all of Virtu's confidential trade secret information in his possession, custody or control to Virtu;

2. Enjoining Li, and all persons and/or entities acting on his behalf, for his benefit, or in active concert or participation with him (including any agents, representatives, associates and/or employees), from disclosing any of Virtu's trade secrets or other confidential or proprietary information to anyone not authorized to receive it;

3. Enjoining Li, and all persons and/or entities acting on his behalf, for his benefit, or in active concert or participation with him (including any agents, representatives, associates and/or employees), from using, possessing, or having access to Virtu's confidential and proprietary information;

4. Up to and including December 31, 2020, enjoining Li and all persons and/or entities acting on his behalf, or in concert or participation with him (including any agents, representatives, associates and/or employees), for his own use or use by any competitors of Virtu to engage in market making activities, from developing, creating or devising the following models designed to forecast future price movements with the horizon of less than one month designed for trading securities as defined in the Securities Exchange Act of 1934, but excluding cryptocurrency (which shall include crypto coins and all crypto-related digital assets, such as Initial Coin Offerings ("ICOs") and tokens), in the United States, Europe, Japan, Singapore, and Hong Kong, whether on-exchange or off-exchange or both: (1) models that use the imbalance of unexecuted orders residing on exchange order books as inputs for making forecasts; (2) models that use executed trade imbalances between buy initiated and sell initiated trades; (3) models that use market momentum, *i.e.* a series of trades at either increasing prices or decreasing prices, for making forecasts; (4) models that use lead lag relationships between correlated securities for making forecasts; (5) models that use unscheduled news events for making forecasts; and (6) models that use executed trades that result from "dark" liquidity, *i.e.*, trades that occur on exchanges that are the result of "hidden" order that are not observable on exchange order book feeds and/or from trades occurring on trading systems that do not display orders, also known as dark pools; and

5. Up to and including December 31, 2020, enjoining Li from working for the following entities (including their divisions, affiliates, parents and subsidiaries, successors, and related entities) in any manner, whether as an employee, independent contractor, consultant or otherwise: (1) Citadel Securities; (2) Two Sigma Securities; (3) Susquehanna International Group; (4) Tower Trading Group; (5) Jane Street Capital; (6) Jump Trading; (7) Hudson River Trading; and (8) G 1 Execution Services.

IT IS FURTHER ORDERED THAT the Court shall retain jurisdiction over this matter for the sole purpose of enforcing this Consent Injunction. In the event Li violates this Consent Injunction, he shall be liable to Virtu for all reasonable sums and costs, including reasonable attorneys' fees, incurred in enforcing this Consent Injunction and all damages available at law. In the event Virtu brings a claim that Li violated this Consent Injunction and a court or tribunal of competent jurisdiction finds that no violation occurred, Virtu shall be liable to Li for his reasonable attorneys' fees and other litigation costs incurred in defending Virtu's claim and all damages available at law.

**SO STIPULATED AND AGREED.**

**GIBBONS P.C.**

By: /s/ Kevin G. Walsh
Kevin G. Walsh
One Gateway Center
Newark, New Jersey 07102
(973) 596-4769
kwalsh@gibbonslaw.com

William F. Dugan
**BAKER & MCKENZIE LLP**
300 East Randolph Street
Suite 5000
Chicago, Illinois 60601
(312) 861-4208
william.dugan@bakermckenzie.com

*Attorneys for Plaintiffs Virtu KCG Holdings LLC and Virtu Americas LLC*

**MICHAEL P. PAPPAS LAW FIRM, P.C.**

By: /s/ Michael P. Pappas
Michael P. Pappas
3 Columbus Circle
15th Floor
New York, New York 10019
(646) 770-7890
michael@pappaslawfirm.com

*Attorneys for Defendant Min Li*

**SO ORDERED.**

Dated:   November 8, 2018
         Newark, New Jersey

_____
SUSAN D. WIGENTON, U.S.D.J.

3